20STCV24353

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Dennis Landin

1   Kaveh S. Elihu, Esq. (SBN 268249)
    **EMPLOYEE JUSTICE LEGAL GROUP**
2   3055 Wilshire Boulevard, Suite 1100
    Los Angeles, California 90010
3   Telephone: (213) 382-2222
    Facsimile: (213) 382-2230
4
    Attorneys for Plaintiff,
5   STEPHEN FOSTER

6

7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

9           **FOR THE COUNTY OF LOS ANGELES, CENTRALDISTRICT**

10

11  STEPHEN FOSTER, an individual,        Case No.: 20STCV24353

12                                         **COMPLAINT FOR DAMAGES**
                         Plaintiff,
13                                         1. **DISCRIMINATION IN VIOLATION
                                              OF GOV'T CODE §§12940 ET SEQ.;**
14  vs.                                    2. **RETALIATION IN VIOLATION OF
                                              GOV'T CODE §§12940 ET SEQ.;**
15                                         3. **FAILURE TO PREVENT
                                              DISCRIMINATION AND
16  THE SYGMA NETWORK, INC., a Delaware       RETALIATION IN VIOLATION OF
    corporation; and DOES 1 through 20,       GOV'T CODE §12940(k);**
17  inclusive,                             4. **FAILURE TO PROVIDE
                                              REASONABLE ACCOMMODATIONS
18                                            IN VIOLATION OF GOV'T CODE
                                              §§12940 ET SEQ.;**
19                       Defendants.       5. **FAILURE TO ENGAGE IN A GOOD
                                              FAITH INTERACTIVE PROCESS IN
20                                            VIOLATION OF GOV'T CODE
                                              §§12940 ET SEQ.;**
21                                         6. **VIOLATION OF CALIFORNIA
                                              FAMILY RIGHTS ACT, GOV'T
22                                            CODE §§12945.2 ET. SEQ.;**
                                           7. **DENIAL OF AND DISCRIMINATION
23                                            BASED UPON THE USE OF SICK
                                              LEAVE (LABOR CODE §§ 233, 234,
24                                            AND 246.5);**
                                           8. **FOR DECLARATORY JUDGMENT;
25                                            AND**
                                           9. **WRONGFUL TERMINATION IN
26                                            VIOLATION OF PUBLIC POLICY.**

27
                                           **[DEMAND FOR JURY TRIAL]**
28

                                   -1-

1      **COMES NOW PLAINTIFF, STEPHEN FOSTER**, and for causes of action against

2 Defendants and each of them, alleges as follows:

3

4                     **JURISDICTION**

5      1.     This Court is the proper court, and this action is properly filed in Los Angeles County,

6 because Defendants' obligations and liability arise therein, because Defendants maintain offices and

7 transact business within Los Angeles County, and because the work that is the subject of this action was

8 performed by Plaintiff in Los Angeles County.

9

10                     **THE PARTIES**

11      2.     Plaintiff STEPHEN FOSTER ("Plaintiff") at all times relevant to this action, resided in

12 the County of Los Angeles, California.

13      3.     Plaintiff is informed and believes, and based thereupon alleges, that Defendant THE

14 SYGMA NETWORK, INC. was and is a Delaware corporation. Plaintiff is informed and believes that

15 THE SYGMA NETWORK, INC. is a wholesaler and distributer of food and non-food products to chain

16 restaurants throughout the United States.

17      4.     THE SYGMA NETWORK, INC. was Plaintiff's employer within the meaning of

18 Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and

19 12950, and regularly employs five (5) or more persons and are therefore subject to the jurisdiction of

20 this Court.

21      5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of

22 the Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time

23 and therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this

24 Complaint to insert the true names and capacities of said Defendants when the same become known to

25 Plaintiff.  Plaintiff is informed and believes, and based thereupon allege, that each of the fictitiously-

26 named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff

27 as alleged hereinafter.

28

6.     THE SYGMA NETWORK, INC. and DOES 1 through 20 are referred to collectively as the "Defendants."

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

8.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named as DOES 1 through 20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.     On June 28, 2019, Plaintiff filed a complaint under Government Code §§12940, et seq., the California Fair Employment and Housing Act (the "FEHA"), with the California Department of Fair Employment and Housing (the "DFEH") and has satisfied his administrative prerequisites with respect to these and all related filings. As a result, on June 28, 2019, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

-3-
COMPLAINT FOR DAMAGES

## ALTER EGO, AGENCY AND JOINT EMPLOYER

11.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1 through 20 that the individuality and separateness of Defendants have ceased to exist.

12.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1 through 20 are, in reality, one and the same, including, but not limited to because:

        a.      Defendants are completely dominated and controlled by each other Defendant and DOES 1 through 20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

        b.      DOES 1 through 20 and each other Defendant derive actual and significant monetary benefits by and through NBC's unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

        c.      Plaintiff is informed and believes, and based thereon alleges, Defendants and DOES 1 through 20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

        d.      Plaintiff is informed and believes, and based thereon alleges, that Defendants and DOES 1 through 20 do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

        e.      Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendants and DOES 1 through 20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1 through 20 as mere shells and conduits for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1 through 20. The recognition of the separate existence of Defendants and DOES 1 through 20 from one another would not promote justice, in that it would permit Defendants to insulate themselves

1  from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory

2  violations.  The corporate existence of Defendants and DOES 1 through 20 should be disregarded in

3  equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to

4  Plaintiff herein.

5         13.     Accordingly, Defendants and DOES 1 through 20 constitute the alter egos of one

6  another, and the fiction of their separate corporate existence must be disregarded.

7         14.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based

8  thereon alleges that Defendants and DOES 1 through 20 are Plaintiff's joint employers by virtue of a

9  joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1 through 20.  Plaintiff

10  performed services for each and every one of Defendants, and to the mutual benefit of all Defendants,

11  and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the

12  manner in which Defendants' business was and is conducted.

13

14                          **FACTUAL ALLEGATIONS**

15         15.     On or about March 22, 2006, Plaintiff was hired by Defendants as an Order Selector.

16         16.     Plaintiff was a loyal and devoted employee of Defendants and his work performance has

17  been satisfactory and at times above-average.  Plaintiff fulfilled, and substantially performed, all of his

18  job duties and all the terms and conditions of employment.

19         17.     On or about 2014, Plaintiff injured his back and informed Defendants of the same.

20  Plaintiff's medical provider placed him off work for two days and on work restrictions for

21  approximately two months thereafter. Plaintiff's work restrictions limited his ability to work overtime

22  and allowed him to take days off work or leave early using Family and Medical Leave Act leave

23  ("FMLA").

24         18.     Plaintiff required reasonable accommodations due to his disability, including but not

25  limited to being able to take time off of work and medical leave to seek treatment for his disability.

26  Plaintiff believes that Defendants provided accrued increments of compensated sick leave as a benefit

27  for employees such as Plaintiff and that Plaintiff had accrued sick leave available.  Plaintiff made both

28

1   oral and written requests for the use of sick leave to diagnose, care for, and/or treat Plaintiff's health

2   condition.

3       19.    On or about January 2015, Plaintiff was placed on intermittent leave as needed due to his

4   physical injury.

5       20.    On or about 2016, Plaintiff's medical provider placed Plaintiff on medical leave for

6   approximately two and a half months. Thereafter, Plaintiff submitted his medical notes from his

7   medical provider evidencing the same to the defendants. Upon Plaintiff's return to work, Plaintiff was

8   placed on work restrictions that permitted him to intermittently take time off work using FMLA up to

9   two-to-three times per week.

10      21.    On or about January 2017, Plaintiff visited his medical provider, whom diagnosed

11   Plaintiff to be suffering from degenerative disk disease and fibromyalgia. As a result of his diagnosis,

12   Plaintiff's FMLA work restrictions were increased to Plaintiff to take time off work up to six times per

13   week due to recurring back pain. Thereafter, whenever Plaintiff called his supervisors informing them

14   he was taking time off work due to his physical injury, his supervisor routinely made comments such

15   as, "That fucking figures," "It never fails," and "That is typical."

16      22.    On or about July 14, 2018, Defendants suspended Plaintiff for using his cell phone.

17   Plaintiff had obtained permission from his direct supervisor to use his cell phone to make necessary

18   phone calls to check his child's well-being to no avail. Plaintiff's co-workers who were caught utilizing

19   their cellphone without permission were not terminated.

20      23.    On or about July 18, 2018, Defendants terminated Plaintiff.

21      24.    Plaintiff is informed and believes, and based thereon alleges, that he was terminated due

22   to his disability and/or perceived disability, engagement in protected activity, medical condition and

23   medical leave.

24      25.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by

25   Defendants and their officers and/or managing agents, including those identified herein as DOES 1

26   through 20, who were authorized and empowered to make decisions that reflect and/or create policy for

27   Defendants. The aforementioned conduct of said managing agents and individuals was therefore

28   undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and

1  conduct of said individuals whose actions and conduct were ratified, authorized, and approved by

2  managing agents whose precise identities are unknown to Plaintiff at this time and are therefore

3  identified and designated herein as DOES 1 through 20, inclusive.

4       26.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer

5  general and special damages, including severe and profound pain and emotional distress, anxiety,

6  depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for

7  psychological counseling and treatment, and past and future lost wages and benefits.

8       27.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,

9  commissions, and benefits.

10       28.    Plaintiff claims general damages for emotional and mental distress and aggravation in a

11  sum in excess of the jurisdictional minimum of this Court.

12       29.    Because the acts taken toward Plaintiff were carried out by managerial employees acting

13  in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights

14  and in order to injure and damage them, Plaintiff requests that punitive damages be levied against

15  Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

16

17  **FIRST CAUSE OF ACTION**

18  **BY PLAINTIFF**

19  **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

20  **AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

21       30.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as

22  though fully set forth herein.

23       31.    At all times hereto, the FEHA was in full force and effect and was binding upon

24  Defendants and each of them.

25       32.    FEHA requires Defendants to refrain from discriminating against an employee on the

26  basis of disability and/or perceived disability, engagement in protected activity, medical condition,

27  medical leave and to prevent discrimination on the basis of the aforementioned from occurring.

28

COMPLAINT FOR DAMAGES

33.     Plaintiff was a member of a protected class as a person with a disability engaged in protected activity and on medical leave.

34.     At all times relevant hereto, Plaintiff was performing competently in the position he held with Defendants.

35.     Plaintiff suffered the adverse employment actions of discrimination, retaliation, denied medical leave, denied reasonable accommodation for a disability, denied a work environment free of discrimination and/or retaliation, laid-off, terminated and was harmed thereby.

36.     Plaintiff is informed and believes that his disability and/or perceived disability, engagement in protected activity, medical condition and medical leave were a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

37.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

38.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

39.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

40.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-8-

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

41.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

42.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

43.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

44.     Plaintiff engaged in the protected activity of reporting his disabilities and taking medical leave.

45.     Plaintiff suffered the adverse employment actions of discrimination, retaliation, denied medical leave, denied reasonable accommodation for a disability, denied a work environment free of discrimination and/or retaliation, laid-off, terminated and was harmed thereby.

46.     Plaintiff is informed and believes that his engagement in the aforementioned protected activity were substantial motivating reasons and/or factors in the decisions to subject him to the aforementioned adverse employment actions.

47.     Defendants violated the FEHA by retaliating against Plaintiff and terminating his employment for attempting to exercise his protected rights, as set forth hereinabove.

48.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other managers.

49.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

50.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

COMPLAINT FOR DAMAGES

51.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

52.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION

### BY PLAINTIFF

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

53.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

54.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, and retaliation from occurring.

55.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

56.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

57.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by

COMPLAINT FOR DAMAGES

1   Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel

2   and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats,

3   intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to

4   constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive

5   damages in an amount appropriate to punish or make an example of Defendants.

6        58.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

7   attorneys' fees and costs, including expert fees pursuant to the FEHA.

8

9   **FOURTH CAUSE OF ACTION**

10  **BY PLAINTIFF**

11  **FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

12  **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

13  **AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

14       59.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as

15  though fully set forth herein.

16       60.    At all times hereto, the FEHA, including in particular Government Code §12940(m),

17  was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on

18  Defendants to make reasonable accommodation for the known disability of an employee.

19       61.    At all relevant times, Plaintiff was a member of a protected class within the meaning of

20  particular Government Code §§12940(a) & 12986(1) et seq. because he had disability that affected his

21  major life activities, of which Defendants had both actual and constructive knowledge.

22       62.    At all times herein, Plaintiff was willing and able to perform the duties and functions of

23  the position in which he was employed, or could have performed the duties and functions of those

24  positions with reasonable accommodations.  At no time would the performance of the functions of the

25  employment positions, with reasonable accommodations for Plaintiff's disability or his disability as

26  they were perceived by Defendants, have been a danger to Plaintiff's or any other person's health or

27  safety.  Accommodation of Plaintiff's disability or disability as they were perceived by Defendants

28

-11-
COMPLAINT FOR DAMAGES

1    would not have imposed an undue hardship on Defendants. Defendants failed and refused to

2    accommodate Plaintiff and failed to engage in the interactive process with Plaintiff.

3         63.    The above said acts of Defendants constitute violations of the FEHA, and were a

4    proximate cause in Plaintiff's damages as stated below.

5         64.    The damage allegations of the Paragraphs above, inclusive, are herein incorporated by

6    reference.

7         65.    The foregoing conduct of Defendants individually, or by and through their managing

8    agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by

9    Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel

10   and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats,

11   intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to

12   constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive

13   damages in an amount appropriate to punish or make an example of Defendants.

14        66.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

15   attorneys' fees and costs, including expert fees pursuant to the FEHA.

16

17                        **FIFTH CAUSE OF ACTION**

18                             **BY PLAINTIFF**

19       **FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

20               **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

21        **AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

22        67.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as

23   though fully set forth herein.

24        68.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was

25   in full force and effect and was binding upon Defendants. This subsection imposes a duty on

26   Defendants to engage in a timely, good faith, interactive process with the employee to determine

27   effective reasonable accommodations, if any, in response to a request for reasonable accommodation by

28   an employee with a known physical disability or known medical condition.

-12-

COMPLAINT FOR DAMAGES

69.     At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because he had disability that affected his major life activity, of which Defendant had both actual and constructive knowledge.

70.     Plaintiff reported his disability to Defendants, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.

71.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

72.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

73.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

74.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SIXTH CAUSE OF ACTION**

**BY PLAINTIFF**

**DENIAL OF AND DISCRIMINATION BASED UPON THE USE OF SICK LEAVE (LABOR CODE §§ 233, 234, and 246.5)**

**AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

75.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

76.     Labor Code §233 states that "Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

77.     Labor Code §246.5(a) states that upon oral or written request by an employee, an employer shall provide paid sick days for the "Diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member."

78.     Both Labor Code §233(c) and §246.5(c)(1) state that an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using or attempting to use sick leave to attend to an illness, or for opposing any policy or practice or act that is prohibited by this article.

79.     Labor Code §234 states that "An employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233."

80.     This is further emphasized by the fact that Labor Code §246.5(c)(2) creates a "… rebuttable presumption of unlawful retaliation if an employer denies an employee the right to use accrued sick days, discharges, threatens to discharge, demotes, suspends, or in any manner discriminates against an employee within 30 days of … [o]pposition by the employee to a policy, practice, or act that is prohibited by this article."

81.     Labor Code §233(d) states that "Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief." Labor Code §233(e) then explicitly creates a private right of action for an employee to seek these remedies, and permits the Court to Plaintiff reasonable attorney's fees if Plaintiff prevails.

82.     Plaintiff repeatedly used and attempted to use accrued sick leave to seek treatment for a medical condition.  In response, Defendants ultimately terminated Plaintiff.  Plaintiff repeatedly complained about this treatment, but those complaints were apparently disregarded.

83.     As a result of Defendants' failure and refusal to comply with Labor Code §§233, 234, and 246.5, Plaintiff is entitled to recover from Defendants actual damages, including emotional distress damages, equitable relief, attorney's fees, and costs.

## SEVENTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT
## GOV'T CODE §§12945.2 ET SEQ.
## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

84.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

85.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. (the "CFRA") was in full force and effect and was binding upon Defendants and each of them.

86.     At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

87.     CFRA requires Defendants to refrain from retaliating against an employee for engaging in protected activity.

88.     Plaintiff engaged in the protected activity of exercising his right to medical leave.

89.     Plaintiff was not provided the medical leave guaranteed by CFRA.

90.     Plaintiff further suffered the adverse employment actions of discrimination, retaliation, denied medical leave, denied reasonable accommodation for a disability, denied a work environment free of discrimination and/or retaliation, laid-off, terminated and was harmed thereby.

-15-
COMPLAINT FOR DAMAGES

91.     Plaintiff is informed and believes that exercising his right to medical leave was a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

92.     Defendants violated the CFRA by retaliating against Plaintiff for attempting to exercise his protected rights, as set forth hereinabove.

93.     Plaintiff is informed and believes, and based thereon alleges, that the above act of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

94.     The above said acts of Defendants constitute violations of the CFRA, and were a proximate cause in Plaintiff's damage as stated below.

95.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

96.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

97.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### EIGHTH CAUSE OF ACTION

### BY PLAINTIFF

### FOR DECLARATORY JUDGMENT

### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

98.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

99.     Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

100.    Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

101.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

102.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did

-17-

COMPLAINT FOR DAMAGES

1    not discriminate, or retaliate against Plaintiff; that Plaintiff was not terminated as a result of his

2    disability and/or perceived disability, engagement in protected activity, medical condition, medical

3    leave and/or some combination of these protected characteristics. Plaintiff contends that Defendants did

4    discriminate and retaliate against him on the basis of his disability and/or perceived disability,

5    engagement in protected activity, medical condition, medical leave, and/or some combination of these

6    protected characteristics; and that he was ultimately wrongfully terminated as a result of these protected

7    characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall

8    dispute Plaintiff's contentions.

9          103.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of

10   his rights and duties, and a declaration that Defendants discriminated against his on the basis of his

11   disability and/or perceived disability, engagement in protected activity, medical condition, medical

12   leave and/or some combination of these protected characteristics.

13         104.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of

14   his rights and duties, and a declaration that his disability and/or perceived disability, engagement in

15   protected activity, medical condition, medical leave and/or some combination of these protected

16   characteristics was a substantial motivating factor in the decisions to subject him to the aforementioned

17   adverse employment actions.

18         105.    A judicial declaration is necessary and appropriate at this time under the circumstances

19   in order that Plaintiff, for himself and on behalf of employees in the State of California and in

20   conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of

21   Defendants and to condemn such discriminatory employment policies or practices prospectively.

22   *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

23         106.    A judicial declaration is necessary and appropriate at this time such that Defendants may

24   also be aware of their obligations under the law to not engage in discriminatory practices and to not

25   violate the law in the future.

26         107.    Government Code §12965(b) provides that an aggrieved party, such as Plaintiff herein,

27   may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the

28   court, in its discretion, may award to the prevailing party, including the department, reasonable

attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

**NINTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR WRONGFUL TERMINATION**

**IN VIOLATION OF THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

108.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

109.    At all times mentioned in this Complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating or retaliating against any employee on the basis of disability and/or perceived disability, engagement in protected activity, medical condition and medical leave.

110.    At all times mentioned in this Complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability and/or perceived disability, engagement in protected activity, medical condition and medical leave.

111.    At all relevant times mentioned in this complaint, the CFRA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating or retaliating against any employee on the basis of the use of CFRA leave.

112.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave.

113.    Plaintiff believes and based thereon alleges that his disability and/or perceived disability, engagement in protected activity, medical condition, medical leave and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

-19-

COMPLAINT FOR DAMAGES

114.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability and/or perceived disability, engagement in protected activity, medical condition, medical leave and/or some combination thereof, were a proximate cause in Plaintiff's damages as stated below.

115.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating, and retaliating against Plaintiff and terminating his employment in discrimination of his protected classes and in retaliation for his exercise of protected rights.

116.    The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

117.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against SYGMA and DOES 1 through 20, each of them, as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;

2.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

-20-

COMPLAINT FOR DAMAGES

3.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4.      For injunctive relief barring Defendants' discriminatory employment policies;

5.      For punitive damages, pursuant to Civil Code §3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.      For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the Labor Code, the Civil Code, and/or any other basis;

7.      For post-judgment interest; and

8.      For any other relief that is just and proper.

DATED: June 26, 2020                    **EMPLOYEE JUSTICE LEGAL GROUP**

                                        By:  _____
                                             Kaveh S. Elihu, Esq.
                                             Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims as provided by California law.

DATED: June 26, 2020                    **EMPLOYEE JUSTICE LEGAL GROUP**

                                        By:  _____
                                             Kaveh S. Elihu, Esq.
                                             Attorneys for Plaintiff

-21-

COMPLAINT FOR DAMAGES