UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-07003-SB-PD | Date: | 3/26/2021 |
|---|---|---|---|

| Title: | *Stephen Foster v. The Sygma Network, Inc. et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 16)**

Before the Court is Defendant The Sygma Network, Inc.'s motion for summary judgment. Dkt. No. 16 (MSJ). The motion was briefed fully. Dkt. Nos. 29 (Opp.), 31 (Reply).

This case concerns the termination of Plaintiff Stephen Foster from his role as an employee in a warehouse operated by Defendant. Dkt. No. 16-2 (Def. SUF) 1. Plaintiff suffers from both Graves' disease and Fibromylagia and received medical leave pursuant to federal and state law on multiple occasions. Def. SUF 54-56. Plaintiff was eventually terminated on the stated grounds that he used his cell phone during work hours in violation of company policy after a previous, written warning. Def. SUF 73-75, 80. Plaintiff sued Defendant, contending that his termination constituted disability discrimination and retaliation for taking medical leave and bringing multiple state claims. Dkt. No. 1. Defendant now moves for summary judgment. Dkt. No. 16.

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

I. **DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FIRST, SECOND, THIRD, SEVENTH, EIGHTH AND NINTH CLAIMS**.

Defendant first moves for summary judgment on Plaintiff's claims for disability discrimination under the Fair Employment and Housing Act (FEHA) (first claim), FEHA retaliation (second claim), FEHA failure to prevent discrimination and retaliation (third claim), and retaliation under the California Family Rights Act (CFRA) (seventh claim) for the same reason: Plaintiff was purportedly terminated for a legitimate, nondiscriminatory reason. MSJ 9, 13, 14, 17-18. By extension, Defendant also moves for summary judgment on Plaintiff's claim for declaratory relief (eighth claim) and claim for wrongful termination in violation of public policy (ninth claim) "for the same reason that his FEHA and CFRA claims fail." MSJ 18-19.

As Defendant notes, these claims are analyzed under the same three-step framework. MSJ 7-9. "[F]irst, the plaintiff must demonstrate a prima facie case of discrimination; second, if the plaintiff succeeds, the defendant must 'articulate some legitimate, nondiscriminatory reason' for its actions; finally, if the defendant meets its burden, the plaintiff must demonstrate 'that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" *Dunger v. Union Pac. R.R. Co.*, No. CV 18-6374 PA (SSX), 2019 WL 3249606, at *3 (C.D. Cal. June 3, 2019) (quoting *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1991)).

In seeking summary judgment, Defendant argues that "even assuming Plaintiff can make out a prima facie case, the facts show he was terminated for a legitimate, non-discriminatory reason—his continued, unauthorized use of his mobile telephone during his work shifts" in violation of both Defendant's policies and a written final warning. MSJ 9. Defendant notes that the governing collective bargaining agreement identifies the "'[r]efusal to follow either verbal or written instructions issued by management' as a terminable offense not requiring warnings or notice." *Id.* (quoting Def. SUF 2). Defendant concedes that, after receiving the final warning, Plaintiff received permission "to access his mobile telephone to confirm that his daughter made it home from school safely and check on her" but says Plaintiff's approved phone use was limited to a single office in the warehouse. MSJ 5-6. Defendant claims the termination was for legitimate, non-discriminatory reasons because "Plaintiff continued to use his mobile telephone during his shifts for reasons other than checking on his daughter." Def. SUF 10; *see* MSJ 6-7, 9-11. Specifically, "a co-worker . . . videotaped Plaintiff using his mobile telephone during his shift"; Defendant "showed Plaintiff the video . . . and informed him that his employment was terminated." MSJ 6-7.

In response, Plaintiff offers testimony, stating that he had permission from a supervisor, Ivan Paladines, at the time of the incident to check his phone in the warehouse. *See* Pltf. SUF 18; Dkt. No. 24 (Panosian Decl., Ex. 1) at 61 ("[Ivan] had told me that he didn't want to be responsible for my phone. . . . And he just told me to keep it on me, do what I need to do, and that was it because he didn't want me going back and forth from the office. Towards the end of the night we got a lot busier for our position. So we had a lot more work to get done. So he didn't want me to have to go back and forth and waste time checking."). This evidence casts doubt on the conclusion that the termination here was "validly and fairly devised and administered to serve a legitimate business purpose." *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 224 (1999) (citation omitted). Defendant recognizes this contrary evidence but notes that Plaintiff's alleged permission to use his phone came from a "a lower-level supervisor" and that "Plaintiff never confirmed" the change in policy with the "Warehouse Manager." MSJ 6. Defendant, however, provides no authority or explanation for why these distinctions are meaningful. Defendant also relies heavily on a few lines from Plaintiff's deposition testimony, in which Plaintiff admitted to using "his mobile telephone during his shifts for reasons other than checking on his daughter—a terminable offense under the Final Warning." Reply 3-4; *see* Def. SUF 10; Dkt. No. 16-3 Ex. A at 69-70 ("Q: After you stopped storing your phone in the break room, between that period and your termination, did you use your cellphone during

your shift at any time to do something other than checking on your daughter? A: Yes, I have."). This information, however, came out in discovery and could not have been the basis for the termination.

But even assuming Defendant's evidence is enough to shift the burden back to Plaintiff, summary judgment remains inappropriate because Plaintiff has, in turn, provided substantial evidence on which a jury could conclude "the legitimate reasons offered by the defendant were not its true reasons." *Dunger*, 2019 WL 3249606, at *3. Plaintiffs "may establish pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011).

Plaintiff offers testimony that, a month or two before he received the final warning about his phone use, his supervisors told him that he would be "kicked out of [his] position" and into a less desirable, more labor intensive role if he "not stop utilizing his FMLA" leave. Pltf. SUF 7; Panosian Decl., Ex. 1, Pl's Depo 91:8-12, 95:20-24; 96:2-97:1. Plaintiff purportedly responded that he felt harassed for invoking his rights and would pursue legal action if they did not stop. *Id.* Moreover, Plaintiff provides testimony that supervisors responded negatively when Plaintiff took intermittent FMLA leave up until the time Plaintiff was terminated, saying such things as "[t]hat fucking figures," "that is typical," or "never fails." Pltf. SUF 10; *see Korte v. Dollar Tree Stores, Inc.*, No. CIV. S-12-541 LKK, 2013 WL 2604472, at *13 (E.D. Cal. June 11, 2013) ("in evaluating FEHA claims, courts should consider stray remarks along with all of the other evidence in the record to determine whether the remarks 'create an ensemble that is sufficient to defeat summary judgment'"). As discussed, Plaintiff has provided evidence that he actually had permission to use his phone on the warehouse floor. *See Hanson*, 74 Cal. App. 4th at 224 ("Pretext may be demonstrated by showing . . . the proffered reason was insufficient to motivate discharge."). And Plaintiff also offers a co-worker's declaration stating that the individual who videotaped Plaintiff, Jorge Torres, did so because Plaintiff's supervisor told Torres that he could avoid discipline if he "caught Plaintiff using his cell phone and turned it in." Pltf. SUF 39.

When taken together and viewed in the light most favorable to Plaintiff,[1] this evidence creates a genuine issue of pretext. A reasonable jury—hearing about the supervisors' threat against taking FLSA leave, their consistent negative comments when Plaintiff invoked his FLSA rights, and a supervisor's affirmative effort to catch and terminate Plaintiff for phone use after Plaintiff had received permission to use his phone—could conclude that Defendant "did not act for the [the asserted] non-discriminatory reasons" but that the phone use was pretext to terminate Plaintiff for his frequent (but protected) use of FLSA leave. *Hersant v. Dep't of Soc. Servs.*, 57 Cal. App. 4th 997, 1005 (1997).

Thus, the Court **DENIES** Defendant's motion for summary judgment as to Plaintiff's first, second, third, seventh, eighth, and ninth claims.

## II. DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH AND FIFTH CLAIMS.

Defendant also moves for summary judgment as to Plaintiff's fourth and fifth claims for failure to provide reasonable accommodation and for failure to engage in good faith, interactive process, respectively. MSJ 14-16. These claims are brought according to FEHA's mandate "to make reasonable accommodation for the known physical or mental disability of an . . . employee" Cal. Gov. Code § 12940(m), and "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition," *id.* § 12940(n).

In general, an employer "cannot prevail on summary judgment on a claim of failure to reasonably accommodate unless it establishes through undisputed facts that reasonable accommodation was offered and refused, that there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation, or that the employer did everything in

---

[1] Plaintiff offers additional evidence of pretext, including multiple declarations from other workers indicating Defendant "targets employees for taking any kind of medical leave by creating hostile work environments and retaliating against them." Pltf. SUF 36-49. Defendant objects to this evidence on procedural and substantive grounds. The Court declines to rule on these objections at this time because the motion must be denied even if the challenged evidence is excluded here.

its power to find a reasonable accommodation, but the informal interactive process broke down because the employee failed to engage in discussions in good faith." *Taylor v. Trees, Inc.*, 58 F. Supp. 3d 1092, 1112 (E.D. Cal. 2014) (citation omitted).

Here, Defendant appears to argue for summary judgment on the theory that it did everything in its power to provide accommodation. Defendant emphasizes that "[d]uring his employment, [Defendant] never denied Plaintiff the opportunity to take any medical leave he requested" and that "Plaintiff never asked for any other accommodation for his Fibromyalgia other than leaves." MSJ 15 (citing Def. SUF 43-47). In particular, Defendant notes that Plaintiff received "[a]n almost two-month leave of absence for medical issues related to his Graves' disease and treatment" and intermittent leave due to medical issues related to Graves' disease and Fibromyalgia. Reply 10.

Though Defendant may have provided accommodations previously, the "affirmative duty to reasonably accommodate a disabled employee . . . is a continuing one." *Swanson v. Morongo Unified Sch. Dist.*, 232 Cal. App. 4th 954, 969 (2014) (internal quotations omitted). In the face of the previously discussed dispute about whether Plaintiff was terminated for taking disability leave, the Court cannot conclude that Defendant has sufficiently provided reasonable accommodation to Plaintiff. *Hernandez v. Rancho Santiago Cmty. Coll. Dist.*, 22 Cal. App. 5th 1187, 1194 (2018) ("An 'accommodation' that leads directly to termination of employment is not an effective accommodation and is not reasonable under the FEHA."). Neither can the Court conclude that "the interactive process was in good faith" when Plaintiff was purportedly granted leave but ultimately fired for taking it. *See id.* (finding violation of section 12940(n) when the plaintiff was "told she could not be fired for taking medical leave and she was thereafter fired when she took the leave").

Thus, the Court **DENIES** Defendant's motion as to Plaintiff's fourth and fifth claims.

### III.    DEFENDANT IS GRANTED SUMMARY JUDGMENT ON PLAINTIFF'S SIXTH CLAIM.

Finally, Defendant moves for summary judgment on Plaintiff's sixth claim, which alleges that Defendant's actions constituted denial of, and discrimination based on the use of, sick leave in violation of California Labor Code sections 233, 234, and 246.5. MSJ 16-17.

Though these Labor Code provisions regulate sick leave in California, there is an exception for certain workers governed by qualifying collective bargaining agreements. Specifically, California Labor Code section 245.5(a)(1) excludes employees:

> covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, final and binding arbitration of disputes concerning the application of its paid sick days provisions, premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

As Defendant explains, Plaintiff's employment was governed by a collective bargaining agreement that fully complies with these various requirements. MSJ 16-17 (citing Def. SUF 49, 50, 51, 52, 53). Plaintiff provides no compelling reason to believe that this exception does not apply.[2]  Accordingly, there is no genuine dispute that Plaintiff falls outside of the statute's sick-leave protections.

Thus, the Court **GRANTS** Defendant's motion as to Plaintiff's sixth claim.

## IV.   CONCLUSION

For these reasons, Defendant's motion for summary judgment is **GRANTED** as to Plaintiff's sixth claim. The motion is **DENIED** as to all other claims. Any evidentiary objections not addressed in this order were not considered and are accordingly overruled as moot.

**IT IS SO ORDERED**.

---

[2] Plaintiff only disputes (with limited discussion) that this agreement "does not provide for final and binding arbitration." Opp. 24. Plaintiff's argument is based on a strained reading of the agreement. The Court agrees with Defendant that there is "nothing in Article 14-Grievance and Arbitration Procedure of the CBA that allows Plaintiff or Sygma to litigate claims related to the terms of the CBA, including its sick leave provisions, outside of arbitration." Reply 11; *see* Bulluck Decl. Ex. A at 17-18.