1  MESERVY LAW, P.C.
   LONDON D. MESERVY (SBN: 216654)
2  london@meservylawpc.com
   401 West A Street, Suite 1712
3  San Diego, CA 92101
   Telephone:  858.779.1276
4  Facsimile:   866.231.8132

5  DENTE LAW, P.C.
   MATTHEW S. DENTE (SBN: 241547)
6  matt@dentelaw.com
   5040 Shoreham Place
7  San Diego, CA 92122
   Telephone: 619.550.3475
8  Facsimile:  619.342.9668

9  Attorneys for Defendant
   The Sygma Network, Inc.
10
   EMPLOYEE JUSTICE LEGAL GROUP, PC
11 KAVEH S. ELIHU (SBN: 268249)
   kelihu@ejlglaw.com
12 SYLVIA V. PANOSIAN (SBN: 310085)
   spanosian@ejlglaw.com
13 3055 Wilshire Boulevard, Suite 1100
   Los Angeles, California 90010
14 Telephone: (213) 382-2222
   Facsimile: (213) 382-2230
15
   Attorneys for Plaintiff Stephen Foster
16

17            UNITED STATES DISTRICT COURT

18           CENTRAL DISTRICT OF CALIFORNIA

19 STEPHEN FOSTER, an individual,          Case No.:  2:20-cv-07003-SB-PDx

20            Plaintiff,                    **PARTIES' JOINT VERDICT FORMS**

21      v.

22 THE SYGMA NETWORK, INC., a
   Delaware corporation; and DOES 1
23 through 20, inclusive,

24            Defendants.

25

26

27

28

CASE NO.: 2:20-cv-07003-SB-PD(x)          PARTIES' JOINT VERDICT FORMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to this Court's April 2, 2021 Order re PRETRIAL CONFERENCE AND MOTIONS IN LIMINE (DKT No. 63), Defendant The Sygma Network, Inc. and Plaintiff Stephen Foster (collectively the "Parties"), by and through their counsel of record, submit their Joint Verdict Forms:

- 1 -

<u>Plaintiff's Claim 5 for Failure to Engage in the Good Faith Interactive Process</u>

We answer the questions submitted to us as follows:

1.      Was The Sygma Network, Inc. an employer?

      _____ Yes      _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Was Stephen Foster an employee of The Sygma Network, Inc.?

      _____ Yes      _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Did Stephen Foster have a physical disability that limited a major life activity?

      _____ Yes      _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Did Stephen Foster request that The Sygma Network, Inc. make reasonable accommodation for his physical disability so that he would be able to perform the essential job requirements?

      _____ Yes      _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Was Stephen Foster willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements?

1    _____ Yes        _____ No

2    If your answer to question 5 is yes, then answer question 6. If you answered no,

3    stop here, answer no further questions, and have the presiding juror sign and date

4    this form.

5    6.    Did The Sygma Network, Inc. fail to participate in a timely, good-faith

6    interactive process with Stephen Foster to determine whether reasonable

7    accommodation could be made?

8    _____ Yes        _____ No

9    If your answer to question 6 is yes, then answer question 7. If you answered no,

10   stop here, answer no further questions, and have the presiding juror sign and date

11   this form.

12   7.    Was The Sygma Network, Inc.'s failure to engage in a good-faith interactive

13   process a substantial factor in causing harm Stephen Foster?

14   _____ Yes        _____ No

15   If your answer to question 7 is yes, then complete the Damages form. If you

16   answered no, stop here on this form and have the presiding juror sign and date this

17   form.

18

19   Signed: _____

20           Presiding Juror

21   Dated: _____

22   After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you

23   are ready to present your verdict in the courtroom.

24   CACI VF-2513.

25

26

27

28

CASE NO.: 2:20-cv-07003-SB-PD(x)        PARTIES' JOINT VERDICT FORMS

<u>Punitive Damages—Entity Defendant</u>

We answer the questions submitted to us as follows:

    1.      Was the conduct constituting malice, oppression, or fraud committed by one or more officers, directors, or managing agents of The Sygma Network, Inc. acting on behalf of The Sygma Network, Inc.?

       _____ Yes       \_\_\_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.      What amount of punitive damages, if any, do you award Stephen Foster?

       $_____

Signed: _____

       Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-3902.

**DEFENDANT'S PROPOSED VERDICT FORMS**

<u>Defendant's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 1 for Disability Discrimination</u>

We answer the questions submitted to us as follows:

1.     Was The Sygma Network, Inc. an employer?

_____ Yes          _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Was Stephen Foster an employee of The Sygma Network, Inc.?

_____ Yes          _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Did The Sygma Network, Inc. discharge Stephen Foster?

_____ Yes          _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Was Stephen Foster's disability a substantial motivating reason for The Sygma Network, Inc.'s decision to discharge Stephen Foster?

_____ Yes          _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Was The Sygma Network, Inc.'s discharge of Stephen Foster a substantial factor in causing harm to Stephen Foster?

_____ Yes          _____ No

- 5 -

If your answer to question 5 is yes, then complete the Limitation on Remedies—Same Decision form. If you answered no, stop here on this form and have the presiding juror sign and date this form.

Signed: _____

            Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2500.

<u>Defendants' Position</u>:

The Parties' dispute with regard to this verdict form stems from the disagreement as to whether the verdict form should identify "discharge" as the adverse action or merely reference unspecified "adverse employment actions." Defendant's position is that this verdict form should use the term "discharged" as opposed to "materially adverse employment action." In his complaint, Plaintiff does not alleged a materially adverse employment action other than discharge from employment. During his deposition, Plaintiff testified that he was not demoted or transferred - the action he challenges through this lawsuit is his discharge. During meet and confer efforts with regard to verdict forms, Plaintiff's counsel was unable to identify what adverse employment action, other than discharge, Plaintiff challenged but indicated that the jury should be instructed on "adverse employment action" generally in case the evidence at trial revealed such action. Plaintiff should not be permitted to base claims on actions not disclosed in his complaint and during the course of discovery. Defendant believes the reference to unspecified (and unidentified) "adverse employment actions" is likely to confuse the jury. Defendant's proposed verdict form is properly limited to the sole adverse employment action alleged in this case, i.e. Plaintiff's discharge.

- 6 -

This alternative version to Plaintiff's proposed Verdict Form for Plaintiff's Claim 1 for Disability Discrimination remedies this issue.

<u>Plaintiff's Position</u>:

The term "discharge" is artificially and prematurely limiting. This instruction should not be limited to any particular adverse employment action, especially before the presentation of evidence. The jury will be instructed on what adverse employment actions are, and it is the jury's prerogative to decide whether an adverse employment actions was taken, if any, and what the adverse employment action was, if any.

Additionally, and as explained in detail below, Plaintiff does not agree with the Limitation on Remedies – Same Decision instruction.

<u>Defendant's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 2 for Retaliation</u>

We answer the questions submitted to us as follows:

1.     Did Stephen Foster report his disabilities to The Sygma Network, Inc. and take medical leave?

      _____ Yes     _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Did The Sygma Network, Inc. discharge Stephen Foster?

      _____ Yes     _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Was Stephen Foster reporting his disabilities to The Sygma Network, Inc. and taking medical leave a substantial motivating reason for The Sygma Network, Inc.'s decision to discharge Stephen Foster?

      _____ Yes     _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Was The Sygma Network, Inc.'s discharge of Stephen Foster a substantial factor in causing harm to Stephen Foster?

      _____ Yes     _____ No

If your answer to question 4 is yes, then complete the Limitation on Remedies—Same Decision form. If you answered no, stop here on this form and have the presiding juror sign and date this form.

1  Signed: _____

2              Presiding Juror

3  Dated: _____

4  After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you

5  are ready to present your verdict in the courtroom.

6  CACI VF-2504.

7

8  <u>Defendants' Position:</u>

9  The Parties' dispute with regard to this verdict form stems from the disagreement as to

10  whether the verdict form should identify "discharge" as the adverse action or merely

11  reference unspecified "adverse employment actions." Defendant's position is that this

12  verdict form should use the term "discharged" as opposed to "materially adverse

13  employment action." In his complaint, Plaintiff does not alleged a materially adverse

14  employment action other than discharge from employment. During his deposition,

15  Plaintiff testified that he was not demoted or transferred - the action he challenges through

16  this lawsuit is his discharge. During meet and confer efforts with regard to verdict forms,

17  Plaintiff's counsel was unable to identify what adverse employment action, other than

18  discharge, Plaintiff challenged but indicated that the jury should be instructed on "adverse

19  employment action" generally in case the evidence at trial revealed such action. Plaintiff

20  should not be permitted to base claims on actions not disclosed in his complaint and during

21  the course of discovery. Defendant believes the reference to unspecified (and unidentified)

22  "adverse employment actions" is likely to confuse the jury. Defendant's proposed verdict

23  form is properly limited to the sole adverse employment action alleged in this case, i.e.

24  Plaintiff's discharge.

25  This alternative version to Plaintiff's proposed Verdict Form for Plaintiff's Claim 2 for

26  Retaliation remedies this issue.

27

28

1   <u>Plaintiff's Position</u>:

2   The term "discharge" is artificially and prematurely limiting. This instruction should not

3   be limited to any particular adverse employment action, especially before the presentation

4   of evidence. The jury will be instructed on what adverse employment actions are, and it is

5   the jury's prerogative to decide whether an adverse employment actions was taken, if any,

6   and what the adverse employment action was, if any.

7

8   Additionally, and as explained in detail below, Plaintiff does not agree with the Limitation

9   on Remedies – Same Decision instruction.

CASE NO.: 2:20-cv-07003-SB-PD(x)          PARTIES' JOINT VERDICT FORMS

<u>Defendant's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 3 for Failure to Prevent Discrimination and Retaliation</u>

We answer the questions submitted to us as follows:

1.   Did The Sygma Network, Inc. fail to take all reasonable steps to prevent the discrimination and retaliation?

_____ Yes   _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.   Was The Sygma Network, Inc.'s failure to take all reasonable steps to prevent discrimination and retaliation a substantial factor in causing harm to Stephen Foster?

_____ Yes   _____ No

If your answer to question 2 is yes, then complete the Limitation on Remedies—Same Decision form. If you answered no, stop here on this form and have the presiding juror sign and date this form.

Signed: _____

         Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2514.


<u>Defendants' Position</u>:

Plaintiff's proposed verdict form for Plaintiff's Claim 3 for Failure to Prevent Discrimination and Retaliation fails to refer the jury to the Limitation on Remedies—Same Decision verdict form in an attempt to prevent the jury from considering

- 11 -

Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination. Because Plaintiff's claim for failure to prevent discrimination and retaliation is based upon his allegation that he was discharged due to his disability and/or request for and use of medical leave, the jury should consider Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination when it completes the verdict forms. This alternative version to Plaintiff's proposed Verdict Form for Plaintiff's Claim 3 for Failure to Prevent Discrimination and Retaliation remedies this issue.

Plaintiff's Position:

The Limitation on Remedies—Same Decision form should not be referenced at all as it is not applicable to this claim. There is no reference to an "adverse employment action" or "discharge" in this instructions and, therefore, the claim does not give rise to the Limitation on Remedies—Same Decision form. Instead, if they jurors answer yes to the stated questions, then the instruction should indicate to the jurors that they must complete the damages form.

Additionally, and as explained in detail below, Plaintiff does not agree with the Limitation on Remedies – Same Decision instruction anyway.

<u>Defendant's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 4 for Failure to Provide Reasonable Accommodations</u>

We answer the questions submitted to us as follows:

1.     Was The Sygma Network, Inc. an employer?

          _____ Yes      \_\_\_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Was Stephen Foster an employee of The Sygma Network, Inc.?

          _____ Yes      \_\_\_\_\_ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Did Stephen Foster have a physical disability that limited a major life activity?

          _____ Yes      \_\_\_\_\_ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Did The Sygma Network, Inc. know of Stephen Foster's physical disability that limited a major life activity?

          _____ Yes      \_\_\_\_\_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Was Stephen Foster able to perform the essential duties of his position with reasonable accommodation for his physical disability?

          _____ Yes      \_\_\_\_\_ No

- 13 -

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Did The Sygma Network, Inc. fail to provide reasonable accommodation for Stephen Foster's physical disability?

_____ Yes          _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.      Was The Sygma Network, Inc.'s failure to provide reasonable accommodation was a substantial factor in causing harm to Stephen Foster?

_____ Yes          _____ No

If your answer to question 7 is yes, then complete the Limitation on Remedies—Same Decision form. If you answered no, stop here on this form and have the presiding juror sign and date this form.

Signed: _____

                    Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2509.

Defendants' Position:

Plaintiff's proposed verdict form for Plaintiff's Claim 4 for Failure to Provide Reasonable Accommodations fails to refer the jury to the Limitation on Remedies—Same Decision verdict form in an attempt to prevent the jury from considering Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination. To

- 14 -

the extent Plaintiff argues that his termination was also a failure to provide accommodation, the jury should consider Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination when it completes the verdict forms. This alternative version to Plaintiff's proposed verdict form for Plaintiff's Claim 4 for Failure to Provide Reasonable Accommodations remedies this issue.

Plaintiff's Position:

The Limitation on Remedies—Same Decision form should not be referenced at all as it is not applicable to this claim. There is no reference to an "adverse employment action" or "discharge" in this instructions and, therefore, the claim does not give rise to the Limitation on Remedies—Same Decision form. Instead, if they jurors answer yes to the stated questions, then the instruction should indicate to the jurors that they must complete the damages form.

Additionally, and as explained in detail below, Plaintiff does not agree with the Limitation on Remedies – Same Decision instruction anyway.

<u>Defendant's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 6 for Violation of California Family Rights Act, Gov't Code</u>

<u>§§12945.2, et seq.</u>

We answer the questions submitted to us as follows:

1. Was Stephen Foster eligible for medical leave?

      _____ Yes     _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Stephen Foster request and take leave for Stephen Foster's own serious health condition that made him unable to perform the functions of his job with The Sygma Network, Inc.?

      _____ Yes     _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Stephen Foster provide reasonable notice to The Sygma Network, Inc. of his need for medical leave, including its expected timing and length?

      _____ Yes     _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Did The Sygma Network, Inc. refuse to grant Stephen Foster's request for medical leave?

      _____ Yes     _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Was The Sygma Network, Inc.'s refusal to grant Stephen Foster's request for medical leave a substantial factor in causing harm to Stephen Foster?

_____ Yes          _____ No

If your answer to question 5 is yes, then complete the Limitation on Remedies—Same Decision form. If you answered no, stop here on this form and have the presiding juror sign and date this form.

Signed: _____

Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2600.

<u>Defendants' Position</u>:

Plaintiff's proposed verdict form for Plaintiff's Claim 6 for Violation of California Family Rights Act, Gov't Code §§12945.2, et seq. fails to refer the jury to the Limitation on Remedies—Same Decision verdict form in an attempt to prevent the jury from considering Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination. To the extent Plaintiff argues that his termination was also a violation of California Family Rights Act, Gov't Code §§12945.2, et seq., the jury should consider Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination when it completes the verdict forms.

This alternative version to Plaintiff's proposed verdict form for Plaintiff's Claim 6 for Violation of California Family Rights Act, Gov't Code §§12945.2, et seq. remedies this issue.

1   <u>Plaintiff's Position</u>:

2   The Limitation on Remedies—Same Decision form should not be referenced at all as it is

3   not applicable to this claim. There is no reference to an "adverse employment action" or

4   "discharge" in this instructions and, therefore, the claim does not give rise to the

5   Limitation on Remedies—Same Decision form. Instead, if the jurors answer yes to the

6   stated questions, then the instruction should indicate to the jurors that they must complete

7   the damages form.

8

9   Additionally, and as explained in detail below, Plaintiff does not agree with the Limitation

10  on Remedies – Same Decision instruction anyway.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>Defendant's Proposed Verdict Form for</u>

2

<u>Plaintiff's Claim 9 for Wrongful Termination in Violation of Public Policy</u>

3 We answer the questions submitted to us as follows:

4       1.      Was Stephen Foster employed by The Sygma Network, Inc.?

5           _____ Yes     _____ No

6 If your answer to question 1 is yes, then answer question 2. If you answered no,

7 stop here, answer no further questions, and have the presiding juror sign and date

8 this form.

9       2.      Did The Sygma Network, Inc. discharge Stephen Foster?

10           _____ Yes     _____ No

11 If your answer to question 2 is yes, then answer question 3. If you answered no,

12 stop here, answer no further questions, and have the presiding juror sign and date

13 this form.

14       3.      Was Stephen Foster's act of reporting his physical disability or taking

15               medical leave a substantial motivating reason for The Sygma Network, Inc.'s

16               decision to discharge Stephen Foster?

17           _____ Yes     _____ No

18 If your answer to question 3 is yes, then answer question 4. If you answered no,

19 stop here, answer no further questions, and have the presiding juror sign and date

20 this form.

21       4.      Did the discharge cause Stephen Foster harm?

22           _____ Yes     _____ No

23 If your answer to question 4 is yes, then complete the Limitation on Remedies—

24 Same Decision form. If you answered no, stop here on this form and have the

25 presiding juror sign and date this form.

26

27 Signed: _____

28           Presiding Juror

- 19 -

Dated:  _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

<u>Defendants' Position</u>:

Plaintiff's proposed verdict form for Plaintiff's Claim 9 for Wrongful Termination in Violation of Public Policy fails to refer the jury to the Limitation on Remedies—Same Decision verdict form in an attempt to prevent the jury from considering Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination. To the extent Plaintiff argues that his termination was a violation of California public policy, the jury should consider Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination when it completes the verdict forms.

This alternative version to Plaintiff's proposed verdict form for Plaintiff's Claim 9 for Wrongful Termination in Violation of Public Policy remedies this issue.

<u>Plaintiff's Position</u>:

As written, Defendant's instruction in question 3 improperly requires that the jury must find that both Stephen Foster's act of reporting his physical disability **and** taking medical leave were a substantial motivating factor. The question is improperly phrased to add a burden on Plaintiff that does not exist, as there is no requirement that multiple aspects or acts of disability must be shown. Instead, question should read "Was any aspect of Stephen Foster's disability (including the act of reporting his physical disability or taking medical leave) a substantial motivating reason for The Sygma Network, Inc.'s decision to discharge Stephen Foster?"

Additionally, and as explained in detail below, Plaintiff does not agree with the Limitation on Remedies – Same Decision instruction.

- 20 -

1
2

<u>Defendant's Proposed Verdict Form for</u>

<u>Limitation on Remedies—Same Decision</u>

3   We answer the questions submitted to us as follows:

4       1.      Was The Sygma Network, Inc. an employer?

5             _____ Yes     _____ No

6   If your answer to question 1 is yes, then answer question 2. If you answered no,

7   stop here, answer no further questions, and have the presiding juror sign and date

8   this form.

9       2.      Was Stephen Foster an employee of The Sygma Network, Inc.?

10             _____ Yes     _____ No

11   If your answer to question 2 is yes, then answer question 3. If you answered no,

12   stop here, answer no further questions, and have the presiding juror sign and date

13   this form.

14       3.      Did The Sygma Network, Inc. discharge Stephen Foster?

15             _____ Yes     _____ No

16   If your answer to question 3 is yes, then answer question 4. If you answered no,

17   stop here, answer no further questions, and have the presiding juror sign and date

18   this form.

19       4.      Was Stephen Foster's act of reporting his physical disability or taking

20              medical leave a substantial motivating reason for The Sygma Network, Inc.'s

21              decision to discharge Stephen Foster?

22             _____ Yes     _____ No

23   If your answer to question 4 is yes, then answer question 5. If you answered no,

24   stop here, answer no further questions, and have the presiding juror sign and date

25   this form.

26       5.      Was Stephen Foster's failure to comply with The Sygma Network, Inc.'s

27              policies and the July 31, 2017 final warning by his continued use of his

28

- 21 -

mobile telephone during his shifts also a substantial motivating reason for The Sygma Network, Inc's decision to discharge Stephen Foster?

_____ Yes         _____ No

If your answer to question 5 is yes, then answer question 6. <u>If you answered no, skip question 6 and answer question 7,</u> answer no further questions, and have the presiding juror sign and date this form.

6.    Would The Sygma Network, Inc. have discharged Stephen Foster anyway at that time based on Stephen Foster's failure to comply with The Sygma Network, Inc.'s policies and the July 31, 2017 final warning by his continued use of his mobile telephone during his shifts had The Sygma Network, Inc. not also been substantially motivated by discrimination and/or retaliation?

_____ Yes         _____ No

If your answer to question 6 is <u>no</u>, then answer question 7. If you answered <u>yes</u>, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

7.    Was The Sygma Network, Inc.'s discharge a substantial factor in causing harm to Stephen Foster?

_____ Yes         _____ No

If your answer to question 7 is yes, then complete the Damages on Multiple Legal Theories form. If you answered no, stop here on this form and have the presiding juror sign and date this form.

Signed: _____

            Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2515.

1  Defendants' Position:

2  Defendant's proposed verdict form for Limitation on Remedies—Same Decision is

3  based on CACI VF-2515 which provides a separate verdict form for the jury to consider

4  Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination.

5  Plaintiff attempted to insert similar provisions in separate verdict forms for Plaintiff's

6  various claims which could confuse the jury. For this reason, Defendant requests that its

7  proposed verdict form for Limitation on Remedies—Same Decision be used as CACI

8  contemplates.

9

10  Plaintiff's Position:

11  The term "discharge" is artificially and prematurely limiting. This instruction should not

12  be limited to any particular adverse employment action, especially before the presentation

13  of evidence. The jury will be instructed on what adverse employment actions are, and it is

14  the jury's prerogative to decide whether an adverse employment actions was taken, if any,

15  and what the adverse employment action was, if any.

16

17  Moreover, as written, Defendant's instruction in question 4 improperly requires that the

18  jury must find that both Stephen Foster's act of reporting his physical disability **and** taking

19  medical leave were a substantial motivating factor. The question is improperly phrased to

20  add a burden on Plaintiff that does not exist, as there is no requirement that multiple

21  aspects or acts of disability must be shown. Instead, question should read "Was any aspect

22  of Stephen Foster's disability (including the act of reporting his physical disability or

23  taking medical leave) a substantial motivating reason for The Sygma Network, Inc.'s

24  decision to discharge Stephen Foster?"

25

26  Next, question 6 requires the jury to assume – or rather already improperly makes the

27  decision for the jury – that Stephen Foster "failed to comply" with certain policies. This

28  is improper and prejudicial.

Finally, with respect to questions 5 and 6, the burden is on Defendant to show whether it would have made the same decision anyway given that Defendant is offering this instruction in support of its affirmative defense. The only reason Plaintiff initially agreed to this instruction at all was based on the understanding that Defendant would indicate that the burden is on them. Based on the phrasing in Defendant's proposed instruction, it appears that no reference is made to this requirement. Therefore, Plaintiff will not agree to this instruction.

<u>Defendant's Proposed Verdict Form for</u>

<u>Damages</u>

What are Stephen Foster's damages?

        a.    Past economic loss

             lost earnings         $_____

             medical expenses    $_____

             other past economic loss    $_____

                Total Past Economic Damages:   $_____

        b.    Future economic loss

             lost earnings         $_____

             medical expenses    $_____

             other future economic loss    $_____

                Total Future Economic Damages:   $_____

        c.    Past noneconomic loss, including

             mental suffering:         $_____

        d.    Future noneconomic loss, including

             mental suffering:         $_____

                         TOTAL $_____

Signed: _____

          Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-3920.

<u>Defendants' Position:</u>

Plaintiff's proposed verdict form for Damages attempts to substitute generic phrases such as "past economic loss" and "future economic loss" for the specified categories of

- 25 -

1 damages set forth in CACI VF-3920. These generic phrases could confuse the jury. This

2 alternative version to Plaintiff's proposed verdict form for Damages remedies this issue.

3

4 <u>Plaintiff's Position</u>:

5 This verdict form is overly technical. In order to avoid confusion to the jury, Plaintiff has

6 proposed a more simplified version of this verdict form below.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.: 2:20-cv-07003-SB-PD(x)            PARTIES' JOINT VERDICT FORMS

## PLAINTIFF'S PROPOSED VERDICT FORMS

Plaintiff's Proposed Verdict Form for

Plaintiff's Claim 1 for Disability Discrimination

We answer the questions submitted to us as follows:

1. Was The Sygma Network, Inc. an employer?

    __x____ Yes          _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Was Stephen Foster an employee of The Sygma Network, Inc.?

    ___x___ Yes          _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did The Sygma Network, Inc. take any adverse employment action (which can include discharge) against Stephen Foster?

    ___x___ Yes          _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was any aspect of Stephen Foster's disability (which can include his reporting of his disability or his use of medical leave) a substantial motivating reason for The Sygma Network, Inc.'s decision to take an adverse employment action (which can include discharge) against Stephen Foster?

    _____ Yes          _____ No

If your answer to question 7 is yes, then complete the Damages form only once.

Signed: _____

- 27 -

Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2500.

Plaintiff's Position:

This verdict form more closely mirrors the CACI CF-2500. Defendant has limited their verdict form to the term "discharge" only, which is artificially and prematurely limiting. This instruction should not be limited to any particular adverse employment action, especially before the presentation of evidence. The jury will be instructed on what adverse employment actions are, and it is the jury's prerogative to decide whether an adverse employment actions was taken, if any, and what the adverse employment action was, if any.

Moreover, and as explained in detail above, Plaintiff does not agree with the Limitation on Remedies – Same Decision aspect of the verdict form. The burden is on Defendant to show whether it would have made the same decision anyway given that Defendant is offering this instruction in support of its affirmative defense. The only reason Plaintiff initially agreed to this instruction at all was based on the understanding that Defendant would indicate that the burden is on them. Based on the phrasing in Defendant's proposed instruction, it appears that no reference is made to this requirement. Therefore, Plaintiff will not agree to this aspect of the instruction.

Defendants' Position:

The Parties' dispute with regard to this verdict form stems from the disagreement as to whether the verdict form should identify "discharge" as the adverse action or merely reference unspecified "adverse employment actions." Defendant's position is that this

- 28 -

verdict form should use the term "discharged" as opposed to "materially adverse employment action." In his complaint, Plaintiff does not alleged a materially adverse employment action other than discharge from employment. During his deposition, Plaintiff testified that he was not demoted or transferred - the action he challenges through this lawsuit is his discharge. During meet and confer efforts with regard to verdict forms, Plaintiff's counsel was unable to identify what adverse employment action, other than discharge, Plaintiff challenged but indicated that the jury should be instructed on "adverse employment action" generally in case the evidence at trial revealed such action. Plaintiff should not be permitted to base claims on actions not disclosed in his complaint and during the course of discovery. Defendant believes the reference to unspecified (and unidentified) "adverse employment actions" is likely to confuse the jury. Defendant's alternative proposed verdict form is properly limited to the sole adverse employment action alleged in this case, i.e. Plaintiff's discharge.

Defendant's alternative version to Plaintiff's proposed Verdict Form for Plaintiff's Claim 1 for Disability Discrimination remedies this issue.

1
2

<u>Plaintiff's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 2 for Retaliation</u>

3 We answer the questions submitted to us as follows:

4    1.    Did Stephen Foster report his disabilities to The Sygma Network, Inc. and
5          take medical leave?

6          ___x___ Yes            _____ No

7 If your answer to question 1 is yes, then answer question 2. If you answered no,
8 stop here, answer no further questions, and have the presiding juror sign and date
9 this form.

10   2.    Did The Sygma Network, Inc. take any adverse employment action (which
11         can include discharge) against Stephen Foster?

12         _____ Yes            _____ No

13 If your answer to question 2 is yes, then answer question 3. If you answered no,
14 stop here, answer no further questions, and have the presiding juror sign and date
15 this form.

16   3.    Was any aspect of Stephen Foster's disability (which can include his
17         reporting of his disability or his use of medical leave) a substantial motivating
18         reason for The Sygma Network, Inc.'s decision to take an adverse
19         employment action (which can include discharge) against Stephen Foster?

20         _____ Yes            _____ No

21 If your answer to question 3 is yes, then answer question 4. If you answered no,
22 stop here, answer no further questions, and have the presiding juror sign and date
23 this form.

24   4.    Was The Sygma Network, Inc.'s adverse employment action (which can
25         include discharge) against Stephen Foster a substantial factor in causing harm
26         to Stephen Foster?

27         _____ Yes            _____ No

28 If your answer to question 5 is yes, then complete the Damages form only once.

- 30 -

Signed: _____

　　　　　　　Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you

are ready to present your verdict in the courtroom.

CACI VF-2504.


Plaintiff's Position:

This verdict form more closely mirrors the CACI CF-2500. Defendant has limited their

verdict form to the term "discharge" only, which is artificially and prematurely limiting.

This instruction should not be limited to any particular adverse employment action,

especially before the presentation of evidence. The jury will be instructed on what adverse

employment actions are, and it is the jury's prerogative to decide whether an adverse

employment actions was taken, if any, and what the adverse employment action was, if

any.


Moreover, and as explained in detail above, Plaintiff does not agree with the Limitation

on Remedies – Same Decision aspect of the verdict form. The burden is on Defendant to

show whether it would have made the same decision anyway given that Defendant is

offering this instruction in support of its affirmative defense. The only reason Plaintiff

initially agreed to this instruction at all was based on the understanding that Defendant

would indicate that the burden is on them. Based on the phrasing in Defendant's proposed

instruction, it appears that no reference is made to this requirement. Therefore, Plaintiff

will not agree to this aspect of the instruction.

1   Defendants' Position:

2   The Parties' dispute with regard to this verdict form stems from the disagreement as to

3   whether the verdict form should identify "discharge" as the adverse action or merely

4   reference unspecified "adverse employment actions." Defendant's position is that this

5   verdict form should use the term "discharged" as opposed to "materially adverse

6   employment action." In his complaint, Plaintiff does not alleged a materially adverse

7   employment action other than discharge from employment. During his deposition,

8   Plaintiff testified that he was not demoted or transferred - the action he challenges through

9   this lawsuit is his discharge. During meet and confer efforts with regard to verdict forms,

10  Plaintiff's counsel was unable to identify what adverse employment action, other than

11  discharge, Plaintiff challenged but indicated that the jury should be instructed on "adverse

12  employment action" generally in case the evidence at trial revealed such action. Plaintiff

13  should not be permitted to base claims on actions not disclosed in his complaint and during

14  the course of discovery. Defendant believes the reference to unspecified (and unidentified)

15  "adverse employment actions" is likely to confuse the jury. Defendant's alternative

16  proposed verdict form is properly limited to the sole adverse employment action alleged

17  in this case, i.e. Plaintiff's discharge.

18  Defendant's alternative version to Plaintiff's proposed Verdict Form for Plaintiff's Claim

19  2 for Retaliation remedies this issue.

20

21

22

23

24

25

26

27

28

<u>Plaintiff's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 3 for Failure to Prevent Discrimination and Retaliation</u>

We answer the questions submitted to us as follows:

1. Did The Sygma Network, Inc. fail to take all reasonable steps to prevent the discrimination and retaliation?

   _____ Yes          _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Was The Sygma Network, Inc.'s failure to take all reasonable steps to prevent discrimination and retaliation a substantial factor in causing harm to Stephen Foster?

   _____ Yes          _____ No

If your answer to question 2 is yes, then complete the Damages form only once. If you answered no, stop here on this form and have the presiding juror sign and date this form.

Signed: _____

          Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2514.

<u>Plaintiff's Position</u>:

The Limitation on Remedies—Same Decision form should not be referenced at all as it is not applicable to this claim. There is no reference to an "adverse employment action" or "discharge" in this instructions and, therefore, the claim does not give rise to the

- 33 -

1 Limitation on Remedies—Same Decision form. Instead, if the jurors answer yes to the

2 stated questions, then the instruction should indicate to the jurors that they must complete

3 the damages form.

4

5 Moreover, as explained above, the burden is on Defendant to show whether it would have

6 made the same decision anyway given that Defendant is offering this instruction in support

7 of its affirmative defense. The only reason Plaintiff initially agreed to this instruction at

8 all was based on the understanding that Defendant would indicate that the burden is on

9 them, and that the instruction did not apply to certain causes of action. Based on the

10 phrasing in Defendant's proposed instruction, it appears that no reference is made to this

11 requirement. Therefore, Plaintiff will not agree to this aspect of the instruction.

12

13 <u>Defendants' Position:</u>

14 Plaintiff's proposed verdict form for Plaintiff's Claim 3 for Failure to Prevent

15 Discrimination and Retaliation fails to refer the jury to the Limitation on Remedies—

16 Same Decision verdict form in an attempt to prevent the jury from considering

17 Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination.

18 Because Plaintiff's claim for failure to prevent discrimination and retaliation is based

19 upon his allegation that he was discharged due to his disability and/or request for and

20 use of medical leave, the jury should consider Defendant's alleged legitimate, non-

21 discriminatory reason for Plaintiff's termination when it completes the verdict forms.

22 Defendant's alternative version to Plaintiff's proposed Verdict Form for Plaintiff's Claim

23 3 for Failure to Prevent Discrimination and Retaliation remedies this issue.

24

25

26

27

28

- 34 -

<u>Plaintiff's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 4 for Failure to Provide Reasonable Accommodations</u>

We answer the questions submitted to us as follows:

1.     Was The Sygma Network, Inc. an employer?

     \_\_x\_\_\_\_ Yes       \_\_\_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Was Stephen Foster an employee of The Sygma Network, Inc.?

     \_\_\_x\_\_\_ Yes       \_\_\_\_\_ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Did Stephen Foster have a physical disability that limited a major life activity?

     \_\_x\_\_\_\_ Yes       \_\_\_\_\_ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Did The Sygma Network, Inc. know of Stephen Foster's physical disability that limited a major life activity?

     \_\_x\_\_\_\_ Yes       \_\_\_\_\_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Was Stephen Foster able to perform the essential duties of his position with reasonable accommodation for his physical disability?

     _____ Yes     \_\_\_\_\_ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Did The Sygma Network, Inc. fail to provide reasonable accommodation for Stephen Foster's physical disability?

_____ Yes          _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.      Was The Sygma Network, Inc.'s failure to provide reasonable accommodation was a substantial factor in causing harm to Stephen Foster?

_____ Yes          _____ No

If your answer to question 7 is yes, then complete the Damages form only once. If you answered no, stop here on this form and have the presiding juror sign and date this form.


Signed: _____

            Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2509.


Plaintiff's Position:

        The Limitation on Remedies—Same Decision form should not be referenced at all as it is not applicable to this claim. There is no reference to an "adverse employment action" or "discharge" in this instructions and, therefore, the claim does not give rise to the Limitation on Remedies—Same Decision form. Instead, if they jurors answer yes to

- 36 -

the stated questions, then the instruction should indicate to the jurors that they must complete the damages form.

Moreover, as explained above, the burden is on Defendant to show whether it would have made the same decision anyway given that Defendant is offering this instruction in support of its affirmative defense. The only reason Plaintiff initially agreed to this instruction at all was based on the understanding that Defendant would indicate that the burden is on them, and that the instruction did not apply to certain causes of action. Based on the phrasing in Defendant's proposed instruction, it appears that no reference is made to this requirement. Therefore, Plaintiff will not agree to this aspect of the instruction.

Defendants' Position:

Plaintiff's proposed verdict form for Plaintiff's Claim 4 for Failure to Provide Reasonable Accommodations fails to refer the jury to the Limitation on Remedies— Same Decision verdict form in an attempt to prevent the jury from considering Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination. To the extent Plaintiff argues that his termination was also a failure to provide accommodation, the jury should consider Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination when it completes the verdict forms. Defendant's alternative version to Plaintiff's proposed verdict form for Plaintiff's Claim 4 for Failure to Provide Reasonable Accommodations remedies this issue.

1
2
3

<u>Plaintiff's Proposed Verdict Form for</u>

<u>Plaintiff's Claim 6 for Violation of California Family Rights Act, Gov't Code</u>

<u>§§12945.2, et seq.</u>

4 We answer the questions submitted to us as follows:

5      1.    Was Stephen Foster eligible for medical leave?

6      ___x___ Yes      _____ No

7 If your answer to question 1 is yes, then answer question 2. If you answered no,
8 stop here, answer no further questions, and have the presiding juror sign and date
9 this form.

10    2.    Did Stephen Foster request and take leave for Stephen Foster's own serious
11       health condition that made him unable to perform the functions of his job
12       with The Sygma Network, Inc.?

13      ___x___ Yes      _____ No

14 If your answer to question 2 is yes, then answer question 3. If you answered no,
15 stop here, answer no further questions, and have the presiding juror sign and date
16 this form.

17    3.    Did Stephen Foster provide reasonable notice to The Sygma Network, Inc.
18       of his need for medical leave, including its expected timing and length?

19      ___x___ Yes      _____ No

20 If your answer to question 3 is yes, then answer question 4. If you answered no,
21 stop here, answer no further questions, and have the presiding juror sign and date
22 this form.

23    4.    Did The Sygma Network, Inc. refuse to grant Stephen Foster's request for
24       medical leave?

25      _____ Yes      _____ No

26 If your answer to question 4 is yes, then answer question 5. If you answered no,
27 stop here, answer no further questions, and have the presiding juror sign and date
28 this form.

- 38 -

5.     Was The Sygma Network, Inc.'s refusal to grant Stephen Foster's request for medical leave a substantial factor in causing harm to Stephen Foster?

_____ Yes          _____ No

If your answer to question 5 is yes, then complete the Damages form only once. If you answered no, stop here on this form and have the presiding juror sign and date this form.

Signed: _____

Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-2600.

Plaintiff's Position:

The Limitation on Remedies—Same Decision form should not be referenced at all as it is not applicable to this claim. There is no reference to an "adverse employment action" or "discharge" in this instructions and, therefore, the claim does not give rise to the Limitation on Remedies—Same Decision form. Instead, if they jurors answer yes to the stated questions, then the instruction should indicate to the jurors that they must complete the damages form.

Moreover, as explained above, the burden is on Defendant to show whether it would have made the same decision anyway given that Defendant is offering this instruction in support of its affirmative defense. The only reason Plaintiff initially agreed to this instruction at all was based on the understanding that Defendant would indicate that the burden is on them, and that the instruction did not apply to certain causes of action. Based on the

phrasing in Defendant's proposed instruction, it appears that no reference is made to this requirement. Therefore, Plaintiff will not agree to this aspect of the instruction.

<u>Defendants' Position</u>:

Plaintiff's proposed verdict form for Plaintiff's Claim 6 for Violation of California Family Rights Act, Gov't Code §§12945.2, et seq. fails to refer the jury to the Limitation on Remedies—Same Decision verdict form in an attempt to prevent the jury from considering Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination. To the extent Plaintiff argues that his termination was also a violation of California Family Rights Act, Gov't Code §§12945.2, et seq., the jury should consider Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's termination when it completes the verdict forms.

Defendant's alternative version to Plaintiff's proposed verdict form for Plaintiff's Claim 6 for Violation of California Family Rights Act, Gov't Code §§12945.2, et seq. remedies this issue.

1           <u>Plaintiff's Proposed Verdict Form for</u>

2    <u>Plaintiff's Claim 9 for Wrongful Termination in Violation of Public Policy</u>

3  We answer the questions submitted to us as follows:

4      1.    Was Stephen Foster employed by The Sygma Network, Inc.?

5         __x____ Yes       _____ No

6  If your answer to question 1 is yes, then answer question 2. If you answered no,

7  stop here, answer no further questions, and have the presiding juror sign and date

8  this form.

9      2.    Did The Sygma Network, Inc. discharge Stephen Foster?

10        __x____ Yes       _____ No

11  If your answer to question 2 is yes, then answer question 3. If you answered no,

12  stop here, answer no further questions, and have the presiding juror sign and date

13  this form.

14      3.    Was any aspect of Stephen Foster's disability (including the act of reporting

15          his physical disability or taking medical leave) a substantial motivating

16          reason for The Sygma Network, Inc.'s decision to discharge Stephen Foster?

17        _____ Yes     _____ No

18  If your answer to question 3 is yes, then answer question 4. If you answered no,

19  stop here, answer no further questions, and have the presiding juror sign and date

20  this form.

21      4.    Did the discharge cause Stephen Foster harm?

22        _____ Yes   _____ No

23  If your answer to question 4 is yes, then complete the Damages form only once. If

24  you answered no, stop here on this form and have the presiding juror sign and date

25  this form.

26

27  Signed: _____

28         Presiding Juror

1  Dated: _____

2  After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you

3  are ready to present your verdict in the courtroom.

4

5  <u>Plaintiff's Position</u>:

6  As written, Defendant's instruction in question 3 improperly requires that the jury must

7  find that both Stephen Foster's act of reporting his physical disability **and** taking medical

8  leave were a substantial motivating factor. Plaintiff has phrased it so that no such

9  additional burden is placed on Plaintiff, as no such burden exists.

10

11  Additionally, as explained above, the burden is on Defendant to show whether it would

12  have made the same decision anyway given that Defendant is offering this instruction in

13  support of its affirmative defense. The only reason Plaintiff initially agreed to this

14  instruction at all was based on the understanding that Defendant would indicate that the

15  burden is on them. Based on the phrasing in Defendant's proposed instruction, it appears

16  that no reference is made to this requirement. Therefore, Plaintiff will not agree to this

17  aspect of the instruction.

18

19  <u>Defendants' Position</u>:

20  Plaintiff's proposed verdict form for Plaintiff's Claim 9 for Wrongful Termination in

21  Violation of Public Policy fails to refer the jury to the Limitation on Remedies—Same

22  Decision verdict form in an attempt to prevent the jury from considering Defendant's

23  alleged legitimate, non-discriminatory reason for Plaintiff's termination. To the extent

24  Plaintiff argues that his termination was a violation of California public policy, the jury

25  should consider Defendant's alleged legitimate, non-discriminatory reason for Plaintiff's

26  termination when it completes the verdict forms.

27  Defendant's alternative version to Plaintiff's proposed verdict form for Plaintiff's Claim

28  9 for Wrongful Termination in Violation of Public Policy remedies this issue.

<u>Plaintiff's Proposed Verdict Form for</u>

<u>Damages</u>

What are Stephen Foster's damages?

       a.    Past economic loss          $_____

       b.    Future economic loss       $_____

       c.    Past noneconomic loss, including

            mental suffering:           $_____

       d.    Future noneconomic loss, including

            mental suffering:           $_____

                                        TOTAL $_____

Signed: _____

          Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

CACI VF-3920.


<u>Plaintiff's Position</u>:

This verdict form is less technical and therefore less confusing for the jury. In order to avoid confusion to the jury, Plaintiff has proposed a more simplified version of this verdict form herein.


<u>Defendants' Position</u>:

Plaintiff's proposed verdict form for Damages attempts to substitute generic phrases such as "past economic loss" and "future economic loss" for the specified categories of damages set forth in CACI VF-3920. These generic phrases could confuse the jury. Defendant's alternative version to Plaintiff's proposed verdict form for Damages remedies this issue.

1

2  Dated:  May 4, 2021                    MESERVY LAW, P.C.
                                          DENTE LAW, P.C.
3

4                                         By: /s/ London D. Meservy

5                                             LONDON D. MESERVY (SB# 216654)

6                                         Attorneys for Defendant
                                          The Sygma Network, Inc.
7

8  Dated:  May 4, 2021                    EMPLOYEE JUSTICE LEGAL GROUP, PC

9

10                                        By: /s/ Sylvia V. Panosian

                                              SYLVIA V. PANOSIAN (SBN: 310085)
11
                                          Attorneys for Plaintiff Stephen Foster
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28